NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MILLIA PROMOTIONAL SERVICES, an Arizona nonprofit corporation; KHAMILLIA HARRIS, | No. 23-15180 |
| Plaintiffs-Appellants, | D.C. No. 2:18-cv-04701-SMM |
| v. | MEMORANDUM* |
| STATE OF ARIZONA, acting through Arizona Department of Economic Security, Division of Employment and Rehabilitation Services; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted April 4, 2024
Phoenix, Arizona

Before: CLIFTON, BYBEE, and BADE, Circuit Judges.

Millia Promotional Services and its founder and owner Khamillia Harris

(collectively "Millia") appeal the order of the District Court for the District of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Arizona dismissing its civil rights claims against the State of Arizona and granting summary judgment in favor of the individual Defendants. We affirm.

Millia contracted with Arizona's Division of Employment and Rehabilitation Services ("DERS") to provide employment services to clients referred by DERS in exchange for payment by the State. The individual Defendants, employees of DERS, were involved in managing and monitoring client cases referred to Millia. Millia sued the Defendants—in both their individual and official capacities—for racial discrimination in contracting (42 U.S.C. § 1981), deprivation of civil rights (42 U.S.C. § 1983), conspiracy to interfere with civil rights (42 U.S.C. § 1985), and neglect to prevent civil rights violations (42 U.S.C. § 1986). It alleged that the Defendants had taken various adverse actions against the business—including denying a rate increase, prohibiting use of the DERS logo on Millia's website, and transferring clients from Millia to other service providers—on account of Harris's race. To prove racial animus, Millia cited the higher pay rate of white-owned vendors as well as several instances in which the Defendants used what seemed to Harris to be racial stereotypes and undertones.

The district court dismissed the claims against Arizona and against the individual Defendants in their official capacities under the Eleventh Amendment. It

2

also held that certain aspects of the claims were barred by Arizona's statute of limitations. Finally, the district court granted summary judgment to the Defendants on the remaining claims because Millia failed to establish a prima facie case of racial discrimination or, in the alternative, had failed to show that the Defendants' legitimate explanations of their actions were pretextual.

We have jurisdiction under 28 U.S.C. § 1291 and review the district court's rulings on sovereign immunity, statute of limitations, and summary judgment de novo. *Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018); *Lukovsky v. City & County. of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008); *Doe v. Lawrence Livermore Nat'l Lab'y*, 131 F.3d 836, 838 (9th Cir. 1997).

1. There was no error in the district court's dismissal of the claims against the State or the money damages claims against the individual Defendants in their official capacities. That such suits are barred by sovereign immunity has been well-established since the Supreme Court's decision in *Ex Parte Young*, 209 U.S. 123 (1908). Millia misreads the district court's order, believing that the dismissal also affected the individual-capacity claims for money damages. Because the district court clearly went on to deal with those claims at the summary judgment stage, this argument is without merit.

3

2. We likewise find no error in the district court's application of Arizona's statute of limitations. For actions that were cognizable under the pre-1990 version of the 42 U.S.C. § 1981—like Millia's claims based on alleged discrimination in contract formation—state tort law determines the limitations period. *Lukovsky*, 535 F.3d at 1048 n.2. Arizona requires that such claims be brought within two years of the alleged discrimination. Ariz. Rev. Stat. § 12-542. The district court properly ruled that damages arising from DERS's denial of Millia's rate increase request and from Benjamin White's comments were untimely because those events occurred more than two years before Millia initiated its suit. Millia claims that the limitations period should be tolled because it did not learn until later that these actions were apparently motivated by racial animus. But we have unequivocally stated that the statute of limitations accrues when the actual injury occurs and not when plaintiffs learn "that there was an allegedly discriminatory motive." *Lukovsky*, 535 F.3d at 1051. The district court therefore properly barred damages arising from actions taken outside the limitations period.

3. We affirm the district court's summary judgment in favor of the individual Defendants because Millia failed to make out a prima facie case of racial discrimination in contracting. To establish a prima facie case, the § 1981 plaintiff

4

must show that (1) she is a member of a protected class; (2) she attempted to engage in activity protected under the statute (such as making or enforcing contracts); (3) she was denied the right to engage in the activity; and (4) similarly situated parties outside of the protected class were treated more favorably. *See Lindsey v. SLT Los Angeles, LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006). It would certainly violate a person's rights to "make and enforce contracts" under § 1981 if she were paid less, received fewer client referrals, or were otherwise treated unfavorably based on her race. *Cf. Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 878 (9th Cir. 1996) (holding that exclusion from partner meetings and denial of secretarial support available to others supported a § 1981 claim). But Millia has not alleged that similarly situated vendors were treated more favorably. Comparators must "have similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2004). Millia did not produce any evidence that the vendors who enjoyed a higher pay rate or that used the DERS logo on their websites were similarly situated. This differential treatment is explainable by any number of nondiscriminatory factors such as greater experience, more services offered, or permission from DERS to use its logo. Of course, at the summary judgment phase we do not require robust evidence or precise comparisons that could only be drawn

with the benefit of discovery. *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1157 (9th Cir. 2010). But we require more than the naked assertion that someone is similarly situated to the plaintiff.

Because Millia's claims under 42 U.S.C. §§ 1983, 1985, and 1986 depend on the underlying § 1981 claim, they fall with Millia's failure to establish a prima facie case of racial discrimination. Having determined that Millia did not make out a prima facie case, we need not consider the Defendants' explanations for their actions nor Millia's evidence of pretext. *See Robinson v. Adams*, 847 F.2d 1315, 1318 (9th Cir. 1987) (holding that "summary judgment was appropriate" where the plaintiff "has not pointed to evidence creating a genuine dispute about facts material to a prima facie case").

**AFFIRMED.**